UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-80139-CR-CANNON/ REINHART

UNITED STATES OF AMERICA

    Plaintiff,

v.

JOHN ANTHONY MAMONE,

    Defendant.

## ORDER GRANTING AMENDED MOTION FOR PRELIMINARY ORDER OF FORFEITURE AND ENTERING PRELIMINARY ORDER OF FORFEITURE

**THIS MATTER** is before the Court upon the Amended Unopposed Motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture in the amount of $394,440 (the "Motion") against Defendant John Anthony Mamone (the "Defendant") [ECF No. 94]. The Court has considered the Motion and is otherwise advised in the premises. Following that review, the Court **GRANTS** the Motion [ECF No. 94] and finds as follows:

On September 9, 2021, a federal grand jury returned an Indictment charging the Defendant with Conspiracy to Commit Health Care Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349, and Heath Care Fraud, in violation of 18 U.S.C. § 1347 [ECF No. 3]. The Indictment also contained forfeiture allegations, which alleged that Defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to 18 U.S.C. § 981(a)(1)(C); and any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to 18 U.S.C. § 982(a)(7) [ECF No. 3 pp. 21–22].

CASE NO. 21-80139-CR-CANNON

On February 3, 2022, the Court accepted the Defendant's guilty plea to Count 1 of the Indictment [ECF No. 66; ECF No. 73 (Plea Agreement)].

As part of the guilty plea, the Defendant agreed to a forfeiture money judgment in the amount of $394,550.00 [ECF No. 73 ¶¶15–16]. Specifically, among other provisions in the Plea Agreement, the Defendant agreed to the following:

> 15. . . . The Defendant agrees that $394,550.00 is the total value of gross proceeds traceable to his health care and wire fraud conspiracy.
>
> 16. The Defendant agrees to the entry of a forfeiture money judgment in the amount of $394,550.00 . . . .

[ECF No. 73 ¶¶15–16].

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction [ECF No. 74]. Those facts establish the following.

The Defendant was the beneficial owner and manager of two durable medical equipment ("DME") companies: Alpha Medical Supply, LLC ("ALPHA") and Horizon Medical Supply, LLC ("HORIZON") [ECF No. 74 p. 2]. Both ALPHA and HORIZON were limited liability companies formed under the laws of Florida, with principal places of business in Palm Beach County, Florida, and also were medical supply companies enrolled with Medicare [ECF No. 74 p. 2]. The Defendant, concealed from Medicare his beneficial ownership and managing control of ALPHA and HORIZON [ECF No. 74 p. 2].

The Defendant, through ALPHA and HORIZON, purchased prescriptions from marketers for medically unnecessary DME and electronically submitted the claims through interstate wires [ECF No. 74 p. 2]. In exchange, the Defendant and his co-conspirators paid kickbacks to the marketing companies based on the value or volume of the referrals [ECF No. 74 p. 2]. As a result

CASE NO. 21-80139-CR-CANNON

of the Defendant's participation in the conspiracy, ALPHA and HORIZON billed Medicare approximately $7,445,418.00, and Medicare paid $3,805,073.00 [ECF No. 74 p. 3].

Based on the record in this case, the total value of the gross proceeds traceable to the offense of conviction is $394,550.00, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED**:

1. Pursuant to 18 U.S.C. §§ 982(a)(7) and 981(a)(1)(C), and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $394,550.00 is hereby entered against the Defendant.

2. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 13th day of July 2022.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**